## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **CARLOS A. RYERSON AND DEBRA** | § | |
| **FROST RYERSON** | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No.  1:18-cv-731** |
| **v.** | § | |
| | § | |
| **US BANK NATIONAL ASSOCIATION** | § | |
| **NOT IN ITS INDIVIDUAL CAPACITY** | § | |
| **BUT SOLELY AS TRUSTEE FOR THE** | § | |
| **RMAC TRUST, SERIES 2016-CIT, AND** | § | |
| **RUSHMORE LOAN MANAGEMENT** | § | |
| **SERVICES, LLC** | § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL

Defendants U.S. Bank National Association, not in its individual capacity but solely as Trustee for the RMAC Trust, Series 2016-CIT ("U.S. Bank") and Rushmore Loan Management Services, LLC ("Rushmore") (collectively "Defendants") file this Notice of Removal of this action from the District Court in the 207th Judicial District, Hays County, Texas to the United States District Court for the Western District of Texas, Austin Division, the district and division encompassing the place where the state court is located. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446.  In support hereof, Defendants will show:

### A. Introduction

1.      On August 6, 2018, Plaintiffs, Carlos A. Ryerson and Debra Frost Ryerson ("Plaintiffs") filed their Original Petition and Request for Disclosures ("Petition") in the 207th Judicial District Court of Hays County, Texas, styled *Carlos A. Ryerson and Debra Frost Ryerson v. US Bank National Association, Not in its individual capacity but solely as Trustee for*

*the RMAC Trust, Series 2016-CIT and Rushmore Loan Management Services, LLC,* bearing Cause Number 18-1783.

2.      Defendants have not been served with process in this lawsuit. Thus, Defendants timely file this notice of removal within the 30-day time dictated by 28 U.S.C. §1446(b).

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1446 because the District Court for the Western District of Texas, Austin Division, is the district and division within which this lawsuit is pending.

4.      Pursuant to 28 U.S.C. §1446(a), attached hereto as **Exhibit A** and incorporated by reference is a true and correct copy of the entire file of record with the Court in the 207th Judicial District Court of Hays County, Texas, including all process, pleadings, and orders served.

5.      Pursuant to 28 U.S.C. §1446(d), this Notice of Removal will be filed with the 207th Judicial District Court of Hays County, Texas, and a copy of this Notice of Removal will also be served on Plaintiffs. Defendants have filed contemporaneously with this Notice a civil cover sheet and separately signed certificate of interested persons and disclosure statement that complies with FED. R. CIV. P. 7.1.

## B. Basis for Removal

6.      Removal in this case is proper because this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). Where there is complete diversity among parties and the amount in controversy exceeds $75,000, an action may be removed to federal court.

### I.      Diversity of Citizenship

7.      Based on the Petition, Plaintiffs are citizens of Texas. *Petition* at ¶¶ 2.1-2.2.  For the purposes of diversity jurisdiction, a person is considered a citizen of the state where the

person is domiciled. *Preston v. Tennet Healthsystem Mem. Med. Ctr.*, 485 F.3d 793, 797 (5th Cir. 2007).

8.      Rushmore Loan Management, LLC has one member, Roosevelt Management Company. Roosevelt Management Company is registered to do business in Delaware and has its principal place of business in New York. *See* 28 U.S.C. §1332(10).  Thus, Rushmore is a citizen of Delaware and New York.

9.      U.S. Bank, which is sued in its capacity as trustee, is a national banking association pursuant to federal law. When determining the citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls. *Navarro Sav. Assoc. v. Lee,* 446 U.S. 458, 464-66 (1980). Pursuant to 28 U.S.C. § 1348, a national banking association is deemed the citizen of its main office. At the time of the filing of the Petition and up through the time of removal, U.S. Bank's main office has been and continues to be located in Ohio under its articles of association. Therefore, U.S. Bank is a citizen of Ohio.

## II.    Amount in Controversy

10.      Plaintiffs assert claims for an unspecified amount of monetary damages with respect to its right, title and interest in the Property exceed the $75,000.00 threshold for diversity jurisdiction.

11.      The Petition seeks injunctive relief in the form of a "stay of foreclosure under TRCP 736.11" which prevents Defendants from foreclosing on the property. *See* Petition, at ¶ 11.1. Plaintiffs allege lender liability – Special Relationship, constitutional violations based on lending an amount greater than 80% of the fair market value, declaratory relief based on Plaintiffs' allege payment in full tendered into an escrow account for the benefit of Rushmore. "In actions seeking declaratory relief of injunction relief the amount in controversy is measured

by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).  Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Id.* The court makes the amount in controversy determination from the perspective of the plaintiff; the proper measure is the benefit or value to the plaintiff, not the cost to the defendant. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257 n.1 (5th Cir. 1996).  Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998).  In addition, when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy. *Nationstar Mortgage, LLC v. Knox*, No. 08-60887, 351 F. App. 844, 848 (5th Cir. Aug. 25, 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)).

12.     Moreover, as Plaintiffs seek injunctive relief to bar any foreclosure proceedings or any transfer of an interest in real property,[1] the property is the object of the present litigation. *Farkas v. GMAC Mortgage, L.L.C.,* 737 F.3d 338 (C.A.5 (Tex.)). ("The purpose of the injunctive and declaratory relief, to stop the foreclosure sale of the properties by GMAC and Deutsche Bank, establishes the properties as the object of the present litigation.")  "In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id.* at *5 (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973).

---

[1] Petition, ¶ 11.1.

13.     According to the records of Hays County Appraisal District, the property at issue has an approximate value of $771,670, well above the $75,000.00 limit for removal.  A true and correct copy of the Property Search Results from the Hays County Appraisal District is attached hereto as **Exhibit B** and is incorporated herein, and the Court may take judicial notice of the appraised value of the Property from the Hays County Central Appraisal District's public website at http://esearch.hayscad.com/Property/View/R100684 by searching using the Property address or Property Account R100684.  *See* FED. R. EVID. 201; *Kew v. Bank of Am., N.A.,* No. H-11-2824, 2012 WL 1414978, at 3 n.4 (S.D. Tex. Apr. 23, 2012) (taking judicial notice of appraised value of property published on Harris County Appraisal District's website to satisfy amount in controversy requirement in removed mortgage foreclosure litigation).  Accordingly, the amount in controversy meets and exceeds the federal jurisdictional minimum of $75,000.00.

## C. Conclusion

14.     Defendants remove this action from the 207th Judicial District Court of Hays County, Texas, to the United States District Court for the Western District of Texas, Austin Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

**BARRETT DAFFIN FRAPPIER**
**TURNER & ENGEL, LLP**

  */s/ Crystal Gee Roach*
Crystal G. Roach
State Bar No. 24027322
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 340-7901 (telephone)
(972) 341-0783 (Facsimile)

ATTORNEY FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of *Notice of Removal* was served by certified U.S. Mail, return receipt requested, and regular U.S. Mail to the parties below on August 27, 2018.

***<u>Via email carlos.ryerson@ryersonlaw.com</u>***
Carlos A. Ryerson
Ryerson & Associates, P.C.
2800 Post Oak Blvd.
Suite 4100
Houston, Texas 77056

*/s/ Crystal Gee Roach*
Crystal Gee Roach

## <u>LIST OF DOCUMENTS ATTACHED</u>

A.  Docket sheet from Case No. 18-1783, Civil Case Information Sheet and Plaintiff's Original Petition filed August 6, 2018, all executed processes in the case, if any, all answers, if any, all orders, if any;

B.  Printout from Hays County Central Appraisal District

C.  List of All Counsel of Record;

D.  Notice of Filing of Notice of Removal to Federal Court filed in the 207th District Court of Hays County, Texas;

E.  Disclosure Statement and Certificate of Interested Parties